UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NovaStar Mortgage, Inc. | : | Case No. 1:06-cv-3069 |
| | : | |
| Plaintiff, | : | Judge Christopher A. Boyko |
| | : | |
| vs. | : | **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| | : | |
| Michael McGhee, et al. | : | |
| | : | |
| Defendants. | : | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Euclid, County of Cuyahoga, and State of Ohio: And known as being Sublot No. 204 and 205 and part of East 214th Street (Formerly East 208th Street) now vacated, in the Mix, King and Gibbs Subdivision of part of Original Euclid Township Lot No. 20, Tract No. 17 as shown by the recorded plat in Volume 66 of Maps, Page 39 of Cuyahoga County Records, and together forming a parcel of land bounded and described as follows:

Beginning on the Northerly line of Westport Avenue at the Southwesterly corner of said Sublot No. 204;

Thence Easterly along the Northerly line of Westport Avenue, 62.5 feet to the centerline of East 214th Street, now vacated;

Thence Northerly, along said centerline of East 214th Street, now vacated, 120 feet to the Easterly prolongation of the Northerly line of said Sublot No. 205;

Thence Westerly along said Easterly prolongation and along the Northerly line of Sublots Nos. 205 and 204, 62.5 feet to the Northwesterly corner of Sublot No. 204;

Thence Southerly along the Westerly line of Sublot No. 204, 120 feet to the place of beginning, be the same more or less, but subject to all legal highways.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the

Motion for Default Judgment, the Court finds that Michael McGhee and Sylvia McGhee have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Michael McGhee and Sylvia McGhee executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Michael McGhee and Sylvia McGhee executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $110,283.79 plus interest on the principal amount at the rate of 10.25% per annum from August 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court notes that, all personal obligations of Michael McGhee and Sylvia McGhee on the Note have been discharged under the United States Bankruptcy Code. As a result, the Court does not grant personal judgment against Michael McGhee and Sylvia McGhee for the amount due on the Note.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution in accordance with the provisions of Amended General Order 2006-16, a certified

copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED.

DATE: FILED

MAR 20 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

Judge Christopher A. Boyko
UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff